## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DEUTSCHE BANK TRUST COMPANY
  AMERICAS, fka Banker's Trust Company,
  as Trustee and Custodian by: Saxon Mortgage
  Services, Inc., fka Meritech Mortgage
  Services, Inc., as its attorney-in-fact,

               Plaintiff,               :          Case No. 3:07-cv-257

                                      District Judge Thomas M. Rose
      -vs-                           Chief Magistrate Judge Michael R. Merz

                              :

REBECCA L. KRONK, et al.,

               Defendants.

---

### REPORT AND RECOMMENDATIONS

---

This private foreclosure action is before the Court on Plaintiff's Motion for Default Judgment against Defendants Rebecca L. Kronk and Charles R. Kronk (Doc. No. 15). The Clerk has entered the default of each of these Defendants (Doc. No. 13).

The case was referred to the undersigned pursuant to the Dayton location of court General Order of Assignment and Reference as amended through July 5, 2007. A motion for default judgment is a dispositive motion on which a magistrate judge is limited to recommending a disposition. *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999).

The docket shows personal service on Defendant Rebecca L. Kronk on August 5, 2007, and residential service on Defendant Charles R. Kronk on the same date by leaving process with Rebecca Kronk (Doc. No. 11). Neither party has responded and more than twenty days have elapsed since service.

Plaintiff has provided proof that the Mortgage was assigned to the Plaintiff on July 24, 2007

(Doc. No. 5).  The Final Judicial Report (Doc. No. 16) shows that as of the time of the Motion, the Mortgage was granted to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Accredited Home Lenders, Inc., by Charles R. and Rebecca L. Kronk, filed February 23, 2005, and thereafter assigned to Plaintiff.

The Court should find as follows:

Rebecca L. Kronk executed the promissory note referenced in the Complaint (the "Note"), and therefore promised, among other things to make monthly payments on or before the date such payments were due.  The Court should find that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and mortgage.  The court should further find that Rebecca L. and Charles R. Kronk executed and delivered the mortgage referenced in the Complaint, that the Plaintiff is the owner and holder of the mortgage, and that the mortgage secures the amounts due under the Note.

The Note and mortgage are in default, because payments required to be made there under have not been made.  The conditions of the mortgage have been broken, the break is absolute, and plaintiff is entitled to have the equity of redemption of the current titleholder foreclosed.  The mortgage was recorded with the county recorder and is a valid than subsisting first mortgage on the property.  The Court further finds that the parties to the mortgage intended that it attach to the entire fee simple interest in the property.  Plaintiff's mortgage is, however, junior in priority under Ohio law to the lien held by the county treasurer to secure the payment of real estate taxes and assessments.  All amounts payable under Ohio Revised Code §  323.47 shall be paid from the proceeds of the sale before any distribution is made on the lien holders.

The Court further finds that there is due and owing on the Note principal in the amount of $75,573.42 plus interest thereon at the rate of 9.599% from February 1, 2007, until judgment.  Unless said sum is fully paid within the time allowed by law after the decree of foreclosure is

entered, the equity of redemption of Defendant titleholders should be foreclosed and the Property sold free of the interests of all parties to this action except for taxes as indicated above.

Accordingly, it is respectfully recommended that judgment enter in favor of the Plaintiff and against Defendant Rebecca L. Kronk in the amount of $75,573.42 plus interest thereon at the rate of 9.599% from February 1, 2007, until the date of judgment.  It is further recommended that the Court enter a decree of foreclosure in the form attached hereto.

September 19, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY | : | |
| AMERICAS formerly known as | | |
| Banker's Trust Company, as Trustee and | : | Case No. 3:07-cv-257 |
| Custodian By:  Saxon Mortgage Services, | | |
| Inc. f/k/a Meritech Mortgage Services, | : | District Judge Thomas M. Rose |
| Inc., as its Attorney-in-Fact | | Chief Magistrate Judge Michael R. |
| Merz | | |

        **Plaintiff,**             **:**

**-vs**                          **:**

**REBECCA L. KRONK, et al.,**     **:**

        **Defendants.**       **:**

---

## JUDGMENT ENTRY AND DECREE IN FORECLOSURE
---

The Court has reviewed the Report and Recommendations of United States Magistrate Judge Michael R. Merz, to whom this case was referred pursuant to 28 U.S.C. §636(b), and noting that no objections have been filed thereto and that the time for filing such objections under Fed. R. Civ. P. 72(b) expired on _____, hereby ADOPTS said Report and Recommendations.

It is therefore ORDERED that judgment be entered in favor of the Plaintiff and against Defendant Rebecca L. Kronk in the amount of in the amount of $75,573.42 plus interest thereon at the rate of 9.599% from February 1, 2007, until the date hereof and Plaintiff's costs herein expended.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situate in the Township of Johnson, in the County of Champaign and State of Ohio, bounded and described as follows: Being part of the East half of the Southeast Quarter of Section 12, Town 3, Range 11, lying on the south side and being 1/4 of the following premises:

Beginning at a stone in the center of the North line of said 1/4; thence South 88 1/4" East with the line 53 3/4 poles to a stone in the center of Millerstown Pike; thence South 18 deg. 10' West with the center of the Pike 128-65/100 poles to the center of the Urbana and St. Paris Pike North 80 deg.  West with the center of the Pike 17-68/100 poles to a state in the division line for the quarter to a stone set in line on the North side of the road; thence, North 1-3/4 deg. East with that line 120-88/100 poles to the beginning, containing 27-32/100 acres and being 6-83/100 acres hereby conveyed.

Excepting therefrom the following described real estate, to-wit: Situated in the Township of Johnson, County of Champaign and State of Ohio, to-wit: Being One (1) Acre out of the Southwest corner of the 6.83 acre tract as conveyed to Winnie E. Jenkins et ux., by Benjamin H. Leasure and wife, being part of the Southeast quarter of Section 12, Town 3, Range 11, beginning at the Southwest corner of said 6.83 acre tract, at the center of Urbana and St. Paris Pike, now known as State Highway #36; thence North along the above described West boundary line 233 ½' to a steel stake; thence East at right angles 165' to a steel stake; thence South at right angles 275 ½' to the center of State Highway #36; thence in a Northwesterly direction with the center of said highway, 165' more or less to the place of beginning, containing the said One (1) acre.

Also excepting therefrom the following described real estate situated in the Township of Johnson, County of Champaign and State of Ohio, to-wit: Being One (1) acre, more or less, part of the East half of the Southeast Quarter of Section 12, Town 3, Range 11, beginning at the intersection and in the center of the Millerstown Pike and the center of State Highway #36; thence West with the center of said highway #36 130 feet and 3 inches; thence North with the East line of lands now owned by the Grantees herein, 275 feet and 6 inches to a point; thence East 208 feet and 4 inches to the center of the Millerstown Pike; thence South 302 feet and 6 inches to the point of beginning.

The Court acknowledges that Champaign County, Ohio, and the State of Ohio Department of Taxation have filed Answers (Doc. Nos. 9 & 10) claiming an interest in the Property.  The Court finds that such interest is inferior and junior in priority to the mortgage held by Plaintiff.  Such interest shall transfer to the proceeds of the sale of the Property, and all Defendants who have filed an Answer claiming an interests in the Property shall have the right to seek payment from the proceeds of the sale of the Property.  Such interest shall be released from the title to the Property upon confirmation of the sale to ensure tha the buyer obtains title to the Property free and clear of all interests.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that unless the sums

found to be due to Plaintiff are fully paid within ten days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code §2329.33.  In addition, an order of sale shall issue to a Special Master, directing him or her to appraise, advertise and sell the Property according to the law and the orders of this Court and to report the proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of §2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Champaign County Recorder and Clerk of Courts directing them to t enter the same ion the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

_____
Thomas M. Rose
United States District Judge